IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANGELA D'ANNA,<br><br>              Plaintiff,<br>v.<br><br>LEE MEMORIAL HEALTH SYSTEMS et al.,<br><br>              Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY<br><br>Case No. 2:20-mc-196 HCN<br><br>District Judge Howard C. Nielson<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from Judge Howard Nielson in accordance with 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) Pending before the court are three motions, two Motions to Quash filed by Petitioner Reliance Medical Systems (ECF No. 2, ECF No. 3) and a Motion to Stay those motions to quash filed by Plaintiff Angela D'Anna.[1] (ECF No. 6.) The court will grant the Motion to Stay.

Relator Angela D'Anna brought this case in the Middle District of Florida against Defendants on behalf of the United States alleging violations of the Stark Law and the False Claims Act. *See* 42 U.S.C. § 1395nn, 31 U.S.C. § 3729; Case No. 2:14-CV-00437-SPC-NPM (M.D. Fla., unsealed Aug. 27, 2018) (the "Florida Action"). Relator issued subpoenas to Reliance Medical Systems, LLC (Reliance) and Zimmer Biomet Holding, Inc. (Zimmer) seeking information about their relationships with Lee Health and certain physicians. According to Ms. D"Anna, the Reliance and Zimmer subpoenas are "virtually identical." On March 12, 2020, Lee Health moved for a protective order in the Florida Action seeking to quash the Zimmer

---

[1] Under the Local Rules, the court decides the motion on the basis of the written memoranda. DUCivR 7-1(f).

Subpoena. That motion is still pending. Lee Health's counsel represented that a motion to quash the Reliance Subpoena asserting the same grounds, will soon be filed in the Florida Action. Relator intends to respond to both motions in the Florida Action and therefore seeks to stay consideration of them here while the Florida court considers them.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The granting of the stay normally lies within the discretion of the district court." *Pet Milk v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963). "When deciding whether to exercise its inherent power to stay, the court considers: (1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent results; and (3) whether the stay would not work undue hardship or prejudice against the plaintiff." *Dutcher v. Bold Films LP*, No. 2:15-CV-00110-DB-PMW, 2018 WL 5849471, at *1 (D. Utah Nov. 8, 2018); *see also Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, No. 2:16-CV-00315-DN, 2019 WL 977916, at *2 (D. Utah Feb. 28, 2019).

Here, all three factors weigh in favor of a stay. The Florida court is considering or will be shortly considering both motions to quash, so judicial economy is promoted by staying the motions here. Staying the motions will help avoid possible inconsistent results. And, there has been no undue hardship or prejudice shown by any party. In fact, there has been no opposition to Relator's Motion to Stay and the time to do so has now passed under the Local Rules. *See* DUCivR 7-1.

Therefore, for the reasons mentioned and on account of no opposition being filed, Relator's Motion to Stay is GRANTED. Relator is to promptly notify the court of any decision reached by the Florida court.

DATED this 29 April 2020.

_____
Dustin B. Pead
United States Magistrate Judge