IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANGELA D'ANNA,<br><br>Relator,<br><br>v.<br><br>LEE MEMORIAL HEALTH SYSTEM and CAPE MEMORIAL HOSPITAL, INC.,<br><br>Defendants<br><br>and<br><br>RELIANCE MEDICAL SYSTEMS,<br><br>Petitioner. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO QUASH<br><br>Case No. 2:20-mc-196 HCN-DBP<br><br>District Judge Howard C. Nielson<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendants' Motion to Quash subpoenas served on Petitioner Reliance Medical Systems.[1] (ECF No. 23.) Related to this motion are Petitioner's own Motion to Quash Subpoena (ECF No. 2.) and Motion to Quash the subpoena to testify at a deposition. (ECF No. 3.) In two prior orders the court granted a motion to stay resolution on Petitioner's motions pending a decision on related matters in another court. (ECF No. 7, ECF No. 9.) Having considered the parties' briefing, the court will deny Defendants' motion.[2]

Relator Angela D'Anna brought suit in the Middle District of Florida against Defendants on behalf of the United States alleging violations of the Stark Law and the False Claims Act. *See* 42 U.S.C. § 1395nn, 31 U.S.C. § 3729; Case No. 2:14-CV-00437-SPC-NPM (M.D. Fla.,

---

[1] This case is referred to the undersigned from District Judge Howard Nielson pursuant to 28 U.S.C. § 636 (b)(1)(A). (ECF No. 4.)

[2] The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

unsealed Aug. 27, 2018) (the "Florida Action"). Subpoenas were served in the Florida Action, which according to the Relator, mirrored those in this miscellaneous action. These assertions were unchallenged, and the court entered two orders staying this case pending resolution of the subpoenas in the Florida Action. A similar stay of proceedings was also agreed to by Defendant Lee Memorial Health in the District of Indiana, where a miscellaneous action was also filed. (ECF No. 25-1.) Now, without moving to lift the stay in this case, Lee Memorial joins Petitioner's motions to quash, and asserts the subpoenas are defective because they omit Local Rule 37-1 and were issued by a non-party to this litigation. Further the subpoenas allegedly seek protected and irrelevant information. The court is not persuaded by these arguments.

Tellingly, in opposition to Lee Memorial's motion, Relator asserts that the Florida Court already rejected Lee Memorial's relevance challenge, and being unsatisfied with that decision, Lee Memorial now tries to change the law of the case via this motion. Lee Memorial offers nothing to contradict this position. Thus, the court rejects any attempt by Defendants to raise a relevance challenge as the Florida Court resolved that issue.

Further, the court questions Defendants' standing to challenge the relevance and breadth of the third-party subpoenas in this forum. See *IBC Advanced Techs., Inc. v. Ucore Rare Metals Inc.*, No. 2:19-cv-222, 2020 WL 6424112, at *4 (D. Utah Nov. 2, 2020) (Pead, M.J.) (noting the parties "lack standing to object on the basis of undue burden, overly broad, or relevance grounds"); *ZooBuh, Inc. v. Better Broadcasting, LLC*, No. 2:11-cv-00516 DN, 2017 WL 3601236, at *2 & n.13 (D. Utah Aug. 21, 2017) (collecting cases where a party lacks standing to challenge a subpoena and rejecting a non-party's assertion that it had standing); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D.Kan.1999) (noting a motion to quash "may only be made by the party to whom the subpoena is directed except where the party

seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena").

Accordingly, the court DENIES Defendants' Motion to Quash.

IT IS FURTHER ORDERED that Relator and Petitioner provide an update on the proceedings in the Florida Action within fourteen (14) days from the date of this order. This update is to include whether Petitioner's Motions to Quash are now ripe for disposition, whether they are moot given the Florida Court's decisions, whether a pending decision may make them moot, and whether the stay should be lifted in this miscellaneous case.

IT IS SO ORDERED.

DATED this 23 April 2021.

_____
Dustin B. Pead
United States Magistrate Judge