IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANGELA D'ANNA,<br><br>Relator,<br>v.<br><br>LEE MEMORIAL HEALTH SYSTEM and CAPE MEMORIAL HOSPITAL, INC.,<br><br>Defendants<br><br>and<br><br>RELIANCE MEDICAL SYSTEMS,<br><br>Petitioner. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO QUASH DEPOSITION AND DENYING IN PART MOTION TO QUASH SUBPOENA<br><br>Case No. 2:20-mc-196 HCN-DBP<br><br>District Judge Howard C. Nielson<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are Petitioner Reliance Medical System's ("Petitioner") Motions to Quash.[1] (ECF No. 2, ECF No. 3.) Petitioner moves to quash both the subpoena duces tecum (the "Subpoena") and a subpoena to testify at a deposition (Deposition Subpoena). Petitioner has not filed a reply memoranda and the time to do so has passed. As set forth below the court denies the motions in part and will allow Petitioner to file an affidavit regarding the cost of complying with the Subpoena.

## BACKGROUND

Relator Angela D'Anna brought suit in the Middle District of Florida against Defendants on behalf of the United States alleging violations of the Stark Law and the False Claims Act. *See* 42 U.S.C. § 1395nn, 31 U.S.C. § 3729; Case No. 2:14-CV-00437-SPC-NPM (M.D. Fla.,

---

[1] This case is referred to the undersigned from District Judge Howard Nielson pursuant to 28 U.S.C. § 636 (b)(1)(A). (ECF No. 4.)

unsealed Aug. 27, 2018) (the "Florida Action"). Relator served two subpoenas on the Petitioner, a subpoena to testify at a deposition in a civil action and a subpoena duces tecum, seeking information purported to be relevant to the Florida Action. After being served, Petitioner moved to quash both subpoenas. Defendants joined Petitioner's Motion to Quash and the court denied Defendants' Motions to Quash previously. (ECF No. 27.)

## DISCUSSION

Petitioner argues the court should quash the Subpoena because it does not comply with the local rules of procedure, seeks irrelevant, protected, or sensitive information, is overly broad, and is unduly burdensome. Petitioner moves to quash the Deposition Subpoena on the grounds that it does not comply with the rules of civil procedure, is defective as it relates to the Subpoena, is overly broad, and is unduly burdensome. "A party seeking to quash a subpoena duces tecum has a particularly heavy burden as contrasted to a party seeking only limited protection." *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982).

a. Failure to Comply with DUCivR37-1

The Utah Local Rules of Civil Procedure require litigants to attach a copy of DUCivR 37-1 when serving a subpoena to a non-party. *See* DUCivR37-1(a)(9). Petitioner alleges, and Relator Angela D'Anna concedes, that a copy of DUCivR37-1 was not attached to the served subpoenas. Relator argues that it is a harmless technical deficiency. The court agrees. The failure to attach a copy of DUCivR 37-1 by itself is insufficient to quash the subpoenas. *See Wopsock v. Dalton*, No. 2:12-cv-0570, 2018 WL 1578086, at *6 (D. Utah Mar. 29, 2018) (denying motion to quash on the "technical failure" to include a copy of the local court rules).

      b.   Subpoena Duces Tecum

The Petitioner next moves to quash the Subpoena because it allegedly seeks irrelevant, protected, or sensitive information. As stated in the court's ruling on Defendants' Motions to Quash, the Florida Court has ruled on the relevance of the subpoenas and held that the information sought was relevant to the underlying litigation. Likewise, the Florida Court narrowed the subpoenas to a specific time period that was relevant. This court will not disrupt the ruling of the Florida Court as to the relevance or breadth of information sought in the subpoenas.

Any person asserting privilege or confidentiality has the burden to establish that the privilege or confidentiality applies. *Zoobuh, Inc. v. Rainbow Int'l Corp.*, 2015 WL 2093292, at *3 (D. Utah May 5, 2015) (holding that the party objecting to a subpoena based on privilege or confidentiality must elaborate on the privileged or confidential nature of the documents). The Petitioner has not described the documents or nature of the documents claimed to be protected or privileged, and only makes a blanket assertion that they are commercially sensitive. The court cannot make a finding of privilege or confidentiality based on the information provided by the Petitioner and therefore rejects these arguments. Moreover, the Local Rules provide for a Standard Protective Order "in every case involving the disclosure of any information designated as confidential." DUCivR 26-2(a)(1). The Standard Protective Order protects any sensitive information.

When a non-party objects to a subpoena asserting an undue burden, the court is required to protect the party from "significant expense resulting from compliance." Fed. Rule Civ. P. 45(d)(2)(B)(ii). The advisory committee notes clarify that the court is not required to fix the costs in advance of production, but it is likely a best practice. *See Rhea v. Apache Corp.*, 833 Fed.

Appx. 186, 190-91 (10th Cir. 2020) (explaining that when a non-party is subpoenaed for information, the analysis is a significant expense analysis rather than an undue burden relative to the needs of the litigation). When a court orders production of information by a non-party, it is required to evaluate whether the expense would be "significant" within the meaning of Rule 45. *See Id; See Also* Fed. Rule Civ. P. *45*. If the expenses are significant, the court must protect the non-party from bearing it. *See Id.* Protecting the non-party from bearing the litigation expenses of the parties "is mandatory." *Id.* The Petitioner asserts that the documents and other information sought in the Subpoena would be burdensome, but fails to show how producing the documents would be burdensome. While the Petitioner has not supplied specific examples of the expected costs, or amount of information that would be produced, the court is required to address whether the costs are significant. Therefore, the court defers ruling on whether the costs are significant pending the submission of an affidavit by the Petitioner estimating the cost of complying with the Subpoena.

    c.  Subpoena to Testify at Deposition for Civil Action

Petitioner next moves to quash the Deposition Subpoena on similar grounds. The court's prior analysis is also applicable to the Deposition Subpoena. The Florida Court has ruled that the information sought is relevant and narrowed the request to the needs of the litigation. Likewise, Petitioner has not sufficiently articulated how the information sought is irrelevant or overly broad. Petitioner further claims that the subpoena to testify at a deposition should be quashed because it is unreasonable to expect any person to remember such information. The court is not persuaded by this argument. If the person designated by the Petitioner to testify cannot recall certain information, he or she can testify as to the lack of recollection in the deposition. In addition, Petitioner has failed to articulate how testifying at a deposition would be unduly

burdensome. The court again is required to determine if appearing at a deposition would be a significant cost to the non-party. Typically, a significant expense is evident when a non-party is required to produce substantial documents or electronically stored information. *See Rhea*, 833 Fed. Appx at 191. Appearing to testify at a deposition, however, is not a significant expense and is not a persuasive justification to quash the Deposition Subpoena.

      Accordingly, the court DENIES Petitioner's Motion to Quash March 3, 2020 Subpoena to Testify at a Deposition in a Civil Action. The court further DENIES IN PART Petitioner's Motion to Quash March 2, 2020 Subpoena Duces Tecum Served on Reliance Medical Systems.

      IT IS FURTHER ORDERED that Petitioner provide an affidavit within 30 days of this order indicating the expected cost of producing the information. The court will enter a separate order determining if the costs are significant and whether the financial burden of producing the information should be carried by another party. If the Petitioner fails to timely submit its affidavit of expected costs, the Petitioner's Motion to Quash March 2, 2020 Subpoena Duces Tecum Served on Reliance Medical Systems will be denied in its entirety.

      IT IS SO ORDERED.

      DATED this 1 September 2021.

_____
Dustin B. Pead
United States Magistrate Judge