IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANGELA D'ANNA,<br><br>Relator,<br><br>v.<br><br>LEE MEMORIAL HEALTH SYSTEM and CAPE MEMORIAL HOSPITAL, INC.,<br><br>Defendants<br><br>and<br><br>RELIANCE MEDICAL SYSTEMS,<br><br>Petitioner. | MEMORANDUM DECISION AND ORDER RE PETITIONER'S MOTION TO QUASH SUBPOENA<br><br>Case No. 2:20-mc-196 HCN-DBP<br><br>District Judge Howard C. Nielson<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court following the parties' submissions concerning Petitioner Reliance Medical Systems' costs in complying with a subpoena served by Relator Angela D'Anna. Both Petitioner and Plaintiff/Relator have responded to the putative costs. As set forth herein, the court denies Petitioner's motion and orders Realtor to bear some of the costs of production.

## BACKGROUND

Relator Angela D'Anna brought suit in the Middle District of Florida against Defendants on behalf of the United States alleging violations of the Stark Law and the False Claims Act. *See* 42 U.S.C. § 1395nn, 31 U.S.C. § 3729; Case No. 2:14-CV-00437-SPC-NPM (M.D. Fla., unsealed Aug. 27, 2018) (the "Florida Action"). Relator served two subpoenas on the Petitioner, a subpoena to testify at a deposition in a civil action and a subpoena duces tecum, seeking

information purported to be relevant to the Florida Action. This action was stayed for a time while the Florida case moved forward. (ECF No. 29.)

After being served the subpoenas, Petitioner moved to quash both subpoenas served by Relator. In a prior order the court denied Petitioner's Motion to Quash Subpoena to Testify at Deposition in a civil Action. (ECF No. 33.) The court further denied in part Petitioner's Motion to quash March 2, 2020 Subpoena. The court held open the issue of costs and whether the costs of compliance would be significant.

## DISCUSSION

As noted by the court previously, when a non-party objects to a subpoena asserting an undue burden, the court is required to protect the party from "significant expense resulting from compliance." Fed. Rule Civ. P. 45(d)(2)(B)(ii). The advisory committee notes clarify that the court is not required to fix the costs in advance of production. *See Rhea v. Apache Corp.*, 833 Fed. Appx. 186, 190-91 (10th Cir. 2020) (explaining that when a non-party is subpoenaed for information, the analysis is a significant expense analysis rather than an undue burden relative to the needs of the litigation). When a court orders production of information by a non-party, it is required to evaluate whether the expense would be "significant" within the meaning of Rule 45. *See Id; See Also* Fed. Rule Civ. P. 45. If the expenses are significant, the court must protect the non-party from bearing it. *See Id.* Protecting the non-party from bearing the litigation expenses of the parties "is mandatory." *Id.*

The Subpoena requests the following categories of documents:

1. All Documents relating to any relationship between Reliance and the Neurosurgeons.
2. All Documents showing any payments by Reliance made to the Neurosurgeons from 2005 to present whether in the form of salary, grants, payments for research, dividends or any other type of payment.

2

   3. All communications of any kind with the Neurosurgeons from 2005 to present.
   4. All Documents produced by Reliance to any state or federal authority investigating payments made by Reliance to the Neurosurgeons.
   5. All Documents relating to the relationship between Reliance as a vendor and Lee Health.
   6. All Documents and communications with Lee Health disclosing or discussing whether the Neurosurgeons owned financial interests in Reliance or received any payments from Reliance from 2005 to the present.

Affidavit of Bret Berry Re: Expected Cost of Production, ECF No. 36 p. 2.

Petitioner breaks down the costs as follows: $468 to $672 for staff to look for responsive materials; the cost of copying materials would be approximately $2,500 for request number 4 alone because there are "10,000 pages of documents responsive to the Subpoena"; and review by Reliance's legal counsel prior to production would be approximately $3,000 in attorney fees. This equates to approximately $5,968 to $6,172 to comply with the Subpoena.

In response, Relator "is willing to withdraw Request NO. 4 which [allegedly] would eliminate approximately $5,500 of the total estimate costs set forth in [Petitioner's] declaration." Response, ECF No. 37 p. 2. Relator also attacks the cost of $0.25 page for photocopying.

Under Rule 45(d)(2)(B)(ii), the questions before the court are whether the Subpoena imposes expenses on the non-party, here Petitioner, and whether those expenses are "significant." See Rhea, 833 F.App'x at 191; Linder v. Adolfo Calero-Portocarreo, et al., 251 F.3d 178, 182 (D.C. Cir. 2001). If they are significant, then the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder "non-significant." See id. In the court's view, imposing costs on a non-party of $5,968 to $6,172 would be significant. Here, however, Relator says withdrawing request No. 4 will reduce the costs by approximately $5,500 leaving $468 to $672. The court is persuaded that this is a workable solution, yet, the court finds these smaller amounts are enough that Relator should

bear some of the costs. Accordingly, the court will order Realtor to pay $500 for the cost of compliance with the Subpoena. The actual cost may be less than this, or perhaps more, in either instance though the court finds the remaining amount to be non-significant. The court therefore finds the costs of production do not warrant granting Petitioner's Motion to Quash.

ORDER

Based upon the foregoing, the court orders as follows:

Petitioner's Motion to Quash Subpoena is DENIED.

Relator is ORDERED to bear $500 in the cost of compliance with the Subpoena.

IT IS SO ORDERED.

DATED this 7 June 2022.

_____
Dustin B. Pead
United States Magistrate Judge